IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOEVEL M. JONES,

                Plaintiff,

v.                                                                                         OPINION and ORDER

A. GRAMHAM, L. WELLS, JANE DOE #1, JANE                                21-cv-298-jdp
DOE #2, JOHN DOE #1, and JOHN DOE #2,

                Defendants.

---

Pro se plaintiff Joevel M. Jones, a current federal and former state inmate, alleges that defendants, Wisconsin Parole Commission members, have violated double jeopardy and due process by misapplying Wisconsin sentencing laws. Jones paid the $402 filing fee.

Because Jones is incarcerated and seeks relief from governmental employees, I must screen his complaint under 28 U.S.C. § 1915A. I must dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from an immune defendant. I must accept the complaint's allegations as true and construe them generously, holding the complaint to a less stringent standard than one a lawyer drafts. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). I may also consider documents that the complaint incorporates by reference. *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007). I need not accept the complaint's allegations as true if incorporated documents directly contradict them. *See Bogie v. Rosenberg*, 705 F.3d 603, 609 (7th Cir. 2013). Applying this standard, I will dismiss the complaint for failure to state a claim. I will not allow Jones to amend the complaint because its claims are futile.

ALLEGATIONS OF FACT

In July 2000, in the Milwaukee County Circuit Court, Jones was sentenced to five years in prison following a conviction for possession of a firearm by a felon. Dkt. 7-2. In March 2004, the circuit court imposed a 21-year consecutive sentence following a conviction for second-degree reckless homicide. Dkt. 7-3.

Jones alleges that his 21-year sentence was not subject to Wisconsin's truth-in-sentencing (TIS) law because he committed the underlying offense before the TIS law took effect. By contrast, Jones alleges that his 5-year sentence was subject to the TIS law because he committed the underlying offense after it took effect. According to Jones, under the previous law, a prisoner is eligible for mandatory release after serving two-thirds of his sentence.

In September 2007, Jones received a parole commission action. Dkt. 7-6. The action form states that Jones's "mandatory release/extended supervision" date was May 28, 2014. The comments section states that Jones's case had "a mixture of new law and TIS sentences with parole authority currently scheduled to end of 5/28/14." In December 2010, Jones received another parole commission action. Dkt. 7-5. The action form lists Jones's mandatory release/extended supervision date as May 28, 2019.

Jones alleges that the parole commission assumed that he was serving his 21-year sentence before his 5-year sentence. But Jones contends that he began serving his 5-year sentence first and that it was "discharged" on May 28, 2005. Thus, Jones asserts that, when the parole commission changed his mandatory release date to May 28, 2019, it forced him to re-serve the 5-year sentence that he had already discharged. This change, according to Jones, violated double jeopardy.

Similarly, Jones alleges that defendants violated due process "when they refused to hold [a] parole hearing for Jones for 5 years [stemming] from being forced to re-serve the TIS 5 years." In support, Jones alleges that he should have been eligible for mandatory release or a parole hearing on May 28, 2014.

Jones sues defendants in their individual capacities only and seeks damages. Jones "is not seeking to challenge his conviction or sentence that he lawfully received" and "is not seeking release from prison in any context." Dkt. 1 at 4.

## ANALYSIS

### A. Double jeopardy

"The Double Jeopardy Clause protects against a second prosecution for the same offense after acquittal." *Brown v. Ohio*, 432 U.S. 161, 165 (1977). "It protects against a second prosecution for the same offense after conviction." *Id.* "And it protects against multiple punishments for the same offense." *Id.*

Jones has failed to allege a viable double jeopardy claim. Jones does not allege that he was prosecuted for the same offense after acquittal or conviction. And Jones's allegations do not suggest that he received multiple punishments for the same offense. He received a 5-year sentence for being a felon in possession and a 21-year consecutive sentence for reckless homicide. Thus, the record indicates that Jones received punishments for separate offenses in separate prosecutions.

Jones's argument that he served his 5-year TIS sentence twice is unsound. Jones alleges that he discharged his 5-year TIS sentence on May 28, 2005. But the circuit court also imposed

a 21-year consecutive sentence. As Jones alleges, two-thirds of 21 is 14. So, by his own allegations, Jones was not eligible for mandatory release until May 28, 2019.

True, the September 2007 action form states that Jones's mandatory release date was May 28, 2014. But Jones alleges that the parole commission erroneously believed that his 21-year sentence started on May 28, 2000. This would explain why this document stated that his mandatory release date was 14 years later on May 28, 2014. As Jones alleges, the parole commission determined in December 2010 that his mandatory release/extended supervision date was May 28, 2019. So Jones's allegations indicate that the September 2007 action form's reference to May 28, 2014, was a mere computational error. *Cf. McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010) ("[N]egligence, even gross negligence, does not violate the Constitution.").

In short, Jones's allegations do not suggest a violation of double jeopardy. I will not allow this claim to proceed.

If Jones meant to assert a violation of the Ex Post Facto Clause, this claim is not viable. As relevant here, the Ex Post Facto Clause "is aimed at laws that retroactively . . . increase the punishment for criminal acts." *Cal. Dep't of Corr. v. Morales*, 514 U.S. 499, 504 (1995). But Jones does not allege that the TIS law retroactively increased his punishment. He alleges that the law that preceded it applies to his conviction for second-degree reckless homicide, and that defendants' failure to so recognize caused them to miscalculate his eligibility for mandatory release or a parole hearing. And any suggestion that the TIS law retroactively increased Jones's punishment by creating this risk of miscalculation is too "speculative" to warrant relief under the Ex Post Facto Clause. *See United States v. Withers*, 128 F.3d 1167, 1171 (7th Cir. 1997) (the retroactive application of new legislation does not violate double jeopardy when it creates

4

only a speculative and attenuated possibility of increased punishment). I will not allow Jones to proceed on any ex post facto claim.

## B. Due process

Jones bases his procedural due process claim on the same allegations as his double jeopardy claim. Jones alleges that defendants failed to recognize that he discharged his 5-year TIS sentence in 2005 and that his 21-year sentence was not subject to the TIS law. This failure, he continues, caused defendants to miscalculate his eligibility for a parole hearing. Jones adds that, because of his failure, he did not receive a parole hearing from 2014 to 2019.

Under the previous law, "[p]risoners with fixed terms presumptively [were] entitled to parole after two-thirds of their sentences." *Grennier v. Frank*, 453 F.3d 442, 444 (7th Cir. 2006). A "liberty or property interest arises at that point." *Id.* That is, an "inmate has a protected liberty interest in parole only after he reaches his mandatory release date." *Frederick v. Frank*, 136 F. App'x 933, 934 (7th Cir. 2005).

Here, Jones has not alleged that he reached his mandatory release date without receiving a parole hearing. As discussed above, the complaint's allegations indicate that the September 2007 action form's reference to a May 28, 2014, mandatory release date was a mere computational error. Because two-thirds of 21 is 14, Jones's own allegations indicate that he was not eligible for mandatory release until May 28, 2019—14 years after, in his own words, he discharged his 5-year TIS sentence on May 28, 2005. And Jones has not alleged that he failed to receive a parole hearing after May 28, 2019. Thus, Jones has not alleged that he had a liberty interest in a parole hearing in the May 2014 to May 2019 period.

Even had Jones adequately alleged that he had a liberty interest in a parole hearing, his procedural due process claim would be untimely. Although the statute of limitations is

ordinarily an affirmative defense, a district court may sua sponte dismiss a claim that is clearly time-barred. *See Small v. Chao*, 398 F.3d 894, 898 (7th Cir. 2005). Such a dismissal counts as a dismissal for failure to state a claim. *Rosado v. Gonzalez*, 832 F.3d 714, 716 (7th Cir. 2016).

To determine the proper statute of limitations for § 1983 actions, "a federal court must adopt the forum state's statute of limitations for personal injury claims." *Ashafa v. City of Chicago*, 146 F.3d 459, 461 (7th Cir. 1998). The relevant statute of limitations here is six years. *Bey v. Hamblin*, No. 17-CV-784-JDP, 2018 WL 3075834, at *2 (W.D. Wis. June 21, 2018).

Although Wisconsin's limitations period applies, federal law governs when Jones's claim accrued. *Kelly v. City of Chicago*, 4 F.3d 509, 511 (7th Cir. 1993). "[A] personal injury claim raised under § 1983 accrues when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Regains v. City of Chicago*, 918 F.3d 529, 533 (7th Cir. 2019).

Here, Jones alleges that he reached his mandatory release date on May 28, 2014, and, therefore, was entitled to a parole hearing. The complaint's allegations and incorporated documents show that Jones had all the information on which he bases this assertion by May 28, 2014. Thus, Jones's allegations show that he knew or had reason to know of the alleged procedural due process violation on that date. Jones had to file this case by May 28, 2020. But Jones did not do so until February 3, 2021. Dkt. 1 at 6. His procedural due process claim is untimely.

In sum, Jones's double jeopardy claim is not viable. I cannot rescue it by construing it as an ex post facto claim. Jones has also failed to state a viable procedural due process claim. Even had he, it would be time-barred. My analysis shows that Jones's claims are futile; he could not cure the complaint's deficiencies through amendment. So I will dismiss the complaint with

prejudice. *See Bogie*, 705 F.3d at 608 ("Leave to amend need not be granted . . . if it is clear that any amendment would be futile.").

ORDER

IT IS ORDERED that:

1. Plaintiff's complaint, Dkt. 1, is DISMISSED for failure to state a claim upon which relief may be granted. The clerk of court is directed to record a strike against plaintiff under 28 U.S.C. § 1915(g).

2. The clerk of court is directed to CLOSE this case and send plaintiff a copy of this order.

Entered October 7, 2022.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge